VILLEGAS ET AL., APELANTES, *v.* EL MUNICIPIO DE SAN JUAN, APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 954.—Resuelto en abril 23, 1913.

MUNICIPIOS—AMBULANCIA MUNICIPAL—NEGLIGENCIA DEL CHAUFFEUR.—Un municipio no es responsable de los actos negligentes del *chauffeur* municipal encargado de manejar la ambulancia municipal, cuando el municipio no obtiene ningún beneficio por el servicio de dicha ambulancia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Sandalio Torres Monge* y *A. Malaret.*

Abogado del apelado: *Sr. Ramón Falcón.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se ha presentado una demanda contra el municipio de San Juan, con motivo de ciertas lesiones que recibió Prudencio Vieras, que le ocasionaron la muerte. Su esposa e

hijos son los apelantes.   Se alegó que las lesiones que recibió
Vieras fueron producidas por la impericia, culpa y negligencia
del conductor del automóvil dedicado al servicio de beneficen-
cia municipal.   El accidente ocurrió hallándose el referido con-
ductor cumpliendo los deberes de su cargo y se ha alegado que
estando el servicio de beneficencia municipal bajo el control,
dirección y propiedad del demandado, éste es responsable de
los actos de sus agentes.

La regla general de ley se encuentra expresada en la opi-
nión emitida por el Juez Sr. Folger en el caso de *Maximilian*
v. *Mayor et al.* of New York, 62 N. Y., 160, en cuyo caso la ac-
ción establecida se fundó en que la muerte ocurrió por la
negligencia de la ambulancia pública.   La cita que se hace de
dicho caso es la siguiente:

"Dos son las clases de deberes que se imponen a una corporación
municipal: uno se origina de la concesión de una facultad especial en
el ejercicio de la cual el municipio está en igual caso que una persona
jurídica; el otro es el que surge o se infiere del uso de derechos polí-
ticos de acuerdo con la ley general en el ejercicio del cual es como el
soberano.   La primera facultad es privada y se usa para fines particu-
lares; la segunda es pública y se emplea para fines públicos.   *Lloyd*
v. *Mayor*, 5 N. Y., 374; 55 Am. Dec., 347.   La primera no la posee
el municipio como una de las divisiones políticas del Estado; pero sí
la segunda.   En el ejercicio de la primera facultad y por la obligación
en que está para con el público debido a la aceptación y uso de esa
facultad, el municipio está en igual caso que una corporación parti-
cular, y es responsable por no ejercitar bien dicha facultad o por el
daño o perjuicio que se cause ejercitándola malamente.   Pero cuando
la facultad le ha sido encomendada como uno de los organismos polí-
ticos del Estado y se le ha conferido, no para beneficio directo del
municipio sino como medio para ejercitar la facultad soberana en
beneficio de todos los ciudadanos, la corporación no es responsable por-
que no se ejercite o se emplee indebidamente por los agentes públicos;
*Eastman* v. *Meredith*, 36 N. H., 284; 72 Am. Dec., 302.   Cuando las
obligaciones impuestas a los municipios pertenecen a esta última clase,
generalmente son ejercitadas por funcionarios quienes, si bien reciben
su nombramiento de la misma corporación y son nombrados por medio
de algunos de sus funcionarios públicos ejecutivos, por virtud de la
facultad que se les confiere como medio conveniente de ejercitar una

función de gobierno, son, sin embargo, los funcionarios, y por tanto los servidores del pueblo en general.  Tienen ellos facultades y desempeñan deberes para beneficio de todos los ciudadanos, y no están bajo la dirección del municipio que no recibe beneficio como tal corporación del ejercicio de las mismas.  Por tanto no son ellos los agentes o servidores de la corporación municipal sino funcionarios públicos, agentes o servidores del pueblo en general, no siendo la corporación responsable por sus actos u omisiones, ni por los actos u omisiones de aquellas personas nombradas por ellos como sustitutos.''

Es evidente que tanto en éste como en otros casos solamente cuando el municipio recibe algún beneficio como tal corporación es que puede hacérsele responsable de los actos ejecutados por los agentes ocupados en el servicio de caridad o beneficencia municipal.  *Oliver* v. *Worcester,* 102 Mass., 499. *Fisher* v. *Boston,* 104 Mass., 87.  *Dillon on Municipal Corporations,* Fifth Edition, Vol. IV, section 1661, p. 2899.  En el presente caso no se hizo ninguna alegación de que la ciudad obtuviera alguna ventaja del servicio de beneficencia municipal.

Y no establece diferencia alguna el hecho de que durante el juicio el juez, de su propia iniciativa permitiera al demandado probar que la ciudad no recibe beneficio alguno de este servicio, pues estos hechos referentes a que recibiera alguna ventaja debieron haber sido mostrados por los demandantes.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.