WYS, DEMANDANTE Y APELANTE, *v*. JUNTA DE SUBASTAS DEL CONCEJO DE ADMINISTRACIÓN, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *certiorari*.

No. 2564.—Resuelto en febrero 3, 1922.

MUNICIPIOS—*Certiorari* ESPECIAL.—El auto de *certiorari* que autoriza el artículo 65 de la Ley No. 85 estableciendo un sistema de gobierno local y reorganizando los servicios municipales aprobada en 31 de julio de 1919, no procede contra las actuaciones de la Junta de Subastas creada por el artículo 43 de la misma ley, tal como quedó enmendado por la Ley No. 9 de 1920.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. B. Pérez Mercado.*

Abogado de la apelada: *Sr. D. Sepúlveda.*

Abogado del interventor: *Sr. E. Flores Colón.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 30 de junio de 1921 se reunió en la ciudad de Ponce cierta junta de subasta nombrada por el concejo de adminis-

tración del municipio de dicha ciudad y abrió los pliegos que se·presentaron para el arrendamiento de los puestos de venta de la plaza del mercado municipal. Uno de los pliegos estaba firmado por Octavio Wys, otro por José Barbosa y otro por R. F. Arévalo. Wys ofrecía $17,885, Arévalo $14,300 y Barbosa $300 sobre la proposición más alta que se hiciera. La junta consideró beneficiosa para el municipio la proposición de Barbosa y le adjudicó la buena pro. Wys entonces, el 6 de julio de 1921, presentó en la corte de distrito una petición de *certiorari* dirigida contra la junta en solicitud de que la corte declarara nulo en todas sus partes el acuerdo de la misma adjudicando el arrendamiento a Barbosa. El auto fué expedido. La junta se allanó, pero Barbosa intervino en el procedimiento y se opuso. Se celebró la vista, se practicaron las pruebas y finalmente la corte anuló el auto expedido. Y contra esa resolución de la corte es que se interpuso por el peticionario Wys el presente recurso de apelación.

Hemos examinado la transcripción y los alegatos de las partes interesadas y a nuestro juicio la sentencia de la corte de distrito se sostiene porque en realidad de verdad la ley no autoriza el recurso especial de *certiorari* en este caso.

El artículo 65 de la Ley No. 85 estableciendo un sistema de gobierno local y reorganizando los servicios municipales, aprobada en 31 de julio de 1919, en que se basa el procedimiento seguido, dice, en lo pertinente, así:

"Art. 65.—Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada—

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal o concejo de administración o de los comisionados, que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari;*".

En su alegato la parte apelante sostiene que si bien es cierto que la ley no autoriza el auto de *certiorari* contra la

junta de subasta, lo autoriza contra los comisionados o miembros del concejo de los cuales había dos en dicha junta que formaban la mayoría de la misma.

No es posible aceptar esa teoría.  La junta de subasta si bien se compone de acuerdo con la ley—artículo 43 de la Ley No. 85 de 1919, tal como quedó enmendado por la Ley No. 9 de 1920—de tres miembros, dos de los cuales deben ser comisionados, constituye una entidad distinta de cada uno de los comisionados.

Debe confirmarse la sentencia recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.