Compañía Industrial de Aguadilla, Inc., demandante y apelante, *v.* El Municipio de Aguadilla, demandado y apelado.

No. 5706.—*Sometido:* Marzo 24, 1933.   *Resuelto:* Septiembre 29, 1934.

*Guerra Mondragón & Soldevila,* abogados de la apelante; *Juan B. Soto* y *A. García Ducós,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La demanda que tenemos ante nos aduce en efecto que un incendio destruyó todos los bienes muebles e inmuebles que la demandante tenía en una fábrica de muebles; que a virtud de una franquicia concedídale por el Consejo Ejecutivo y aprobada por el Gobernador, el municipio demandado construyó un acueducto para suministrar, mediante pago, agua

a sus habitantes; que la destrucción total de los bienes de la demandante se debió a la negligencia del municipio, sus funcionarios, empleados y agentes: (*a*) por haber cortado la noche del incendio la distribución de agua; (*b*) por no haber suministrado agua durante los primeros 45 minutos del siniestro; (*c*) por falta de presión mientras corría agua; (*d*) porque el tanque de reserva para casos de incendio no fué empleado; (*e*) porque el encargado del acueducto no estaba en su puesto la noche del incendio; (*f*) porque no había escasez de agua en el acueducto; (*g*) porque la orden de cortar el agua la noche del incendio no estuvo justificada; (*h*) por falta de cooperación de parte de los empleados cuyo deber era ayudar a la extinción de los incendios.

Al presentarse excepción previa, la Corte de Distrito de Aguadilla resolvió el caso contra la demandante. Se dictó sentencia en favor del demandado, y se apeló.

■■■ La apelante sostiene que la corte de distrito dictó dicha sentencia sin considerar las disposiciones de una de las leyes municipales y bajo la teoría de que el municipio no era responsable. Los tres señalamientos de error se redujeron a uno, a saber: que dadas las disposiciones de la Ley Municipal, el municipio era responsable de la culpa o negligencia de sus funcionarios y empleados.

La apelante da gran énfasis al párrafo (*d*) del artículo 83 de la Ley Municipal de 1928, leyes de ese año, pág. 399. Éste lee así:

"Artículo 83.—Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"  .  .  .  .  .  .  .  .

"(*d*) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales por malicia, negligencia, o ignorancia inexcusables."

Por la forma del señalamiento aparece que la apelante, asumiendo la negligencia del municipio, se funda en dicho artículo, cuando en realidad de verdad en el derecho común

y según otras leyes, se ha hecho a los municipios responsables por ciertos actos bien reconocidos de sus agentes y empleados.

En verdad, puede decirse que el inciso (d) del artículo 83 es meramente declarativo de la ley general. La proposición enunciada por la apelante en una forma no puede ser disputada, mas es cosa distinta decir que a virtud de dicha fraseología general se creó una obligación que no existía antes. La Legislatura, desde luego, puede redactar leyes fijando toda especie de responsabilidades, pero debe hacerlo en términos expresos.

El caso de *Pearce* v. *Hallum,* 30 S. W. (2d) 399, sirve de ilustración. Una corporación es responsable de ciertos actos cometidos por sus agentes; de igual suerte lo es una corporación municipal. Ésta no es inmune a pleitos. La responsabilidad contra una corporación municipal surge al igual que la responsabilidad contra otras corporaciones. Citamos lo siguiente del caso arriba mencionado: ''Resolvemos que las corporaciones municipales pueden ser demandadas y declaradas responsables por las actuaciones y por los daños y perjuicios o lesiones que ocasionen la muerte a un semejante, debido a los actos torticeros, a la negligencia, descuido e impericia o incumplimiento de sus agentes y sirvientes, tal cual lo son las personas y otras corporaciones.''

La idea de muchos de los casos citados por la apelante es que puede hacerse responsable al municipio en igual forma que a otra corporación o individuo. Sin embargo, en general los casos presuponen una responsabilidad contra personas naturales.

Por ejemplo, de acuerdo con el derecho común, un municipio es responsable por defectos en las calles que ocasionen daños a un semejante. Una corporación es responsable por administrar negligentemente sus plantas eléctricas, de agua u otros servicios públicos en que, como resultado de tal mala administración, se causan daños directamente a otros. Los

casos demuestran más frecuentemente algún acto positivo a virtud del cual se ocasionan lesiones a los individuos.

La ley de 1928 no fija otra responsabilidad que la antes existente, sino que meramente aclara que una corporación puede ser demandada al igual que otros individuos. Quizá ésta fué la reacción desde que se dictó la opinión en el caso de *El Pueblo* v. *Rosaly,* 227 U. S. 270, citado en el alegato. La cuestión se reduce a si a virtud del derecho positivo una corporación municipal ha sido o debe ser responsable por haber dejado de operar propiamente su servicio de acueducto para la extinción de un incendio. Ha habido algunas cortes y algunos estados que se han pronunciado en favor de una responsabilidad bajo las circunstancias de este caso, pero la regla general es en sentido contrario. La regla general es que al administrar un departamento de incendios un municipio actúa en su capacidad gubernamental y no en su carácter particular. *Fisher* v. *Boston,* 104 Mass. 87, 6 A. R. 196; *Brown* v. *District of Columbia,* 29 App. D. C. 273, 25 L.R.A. (N.S.) 94; *Lynch* v. *City of North Yakima,* 37 Wash. 657, 12 L.R.A. (N.S.) 261; 80 Pac. 79, 43 C. J. 967, párr. 1746, 19 R.C.L. 1116, párr. 397.

Es bastante curioso que una de las formas más salientes de llegar a la conclusión de este caso es citando una decisión de la Corte Suprema de Estados Unidos que tiene tendencia a sostener lo contrario. Ésta es la emitida en el caso de *Guardian Trust Co.* v. *Fisher,* 200 U. S. 57, donde la corte resolvió, citando del sumario:

"Si bien un ciudadano puede que no tenga una reclamación individual contra una compañía que se compromete a suministrar agua a una ciudad, por haber dejado de efectuar algo de conformidad con el contrato, sin embargo, puede que tenga una reclamación contra ella después de haber sido celebrado un contrato y de dedicarse a suministrar agua a la ciudad, por los daños resultantes de negligencia, y en tal caso la acción no es por incumplimiento de contrato sino en cobro de daños y perjuicios por un acto torticero *(tort).*"

La apelante se fundaba en parte en el caso de *Lenzen* v.

*City of New Braunfels,* caso que fué resuelto por la Corte de Apelaciones Civiles de Texas en 22 de abril de 1896, 35 S. W. 341. La apelante cita copiosos extractos de dicho caso. Posteriormente esta cuestión fué ante una Corte de Apelaciones Civiles de Texas en abril 3, 1909, y dicha corte resolvió, citando nuevamente del sumario:

"Una compañía proveedora de agua que convenga con una ciudad en suministrar dicho líquido a ésta y a sus habitantes y en suministrarlo para extinguir incendios, etc., no contrae un deber público de tal suerte que sea responsable por ese motivo de la destrucción de bienes pertenecientes a un habitante por haberse dejado de suministrar agua para sofocar el incendio." *Greenville Water Co.* v. *Beckham,* 118, S. W. 889.

La corte, al citar numerosos casos, dice: "Tenemos conocimiento del caso de *Guardian Trust Co.* v. *Fisher,* 200 U. S. 57, 26 Sup. Ct. Rep. 186, y de los casos de *Paducah Lumber Co.* v. *Paducah Water Supply Co.,* 89 Ky., 340, 12 S. W. 554; *Gorrel* v. *Greensboro Water Supply Co.,* 124 N. C. 328, y *Mugge* v. *Tampa Waterworks Co.,* 42 So. Rep., 81, y no estamos impresionados por el razonamiento de los mismos. Estas decisiones son contrarias al gran peso de las autoridades de este país." La corte no citó ni trató de distinguir el caso de *Lenzen* v. *City of New Braunfels,* supra. Tampoco lo hizo el apelado en este caso. En Texas este caso aparentemente pasó inadvertido, a juzgar por el de *Kling* v. *City of Houston,* 62 S. W. (2d) 689.

*Moch Co.* v. *Rensselaer Water Work Co.,* 247 N. Y. 160, 159 N. E. 896, 62 A.L.R. 1199, fué un caso en que el Juez Presidente Sr. Cardozo, que entonces estaba en la Corte de Apelaciones de New York, emitió la opinión. La corte dijo:

"La demandante desea que resolvamos que la demandada, una vez que empezó a cumplir el contrato celebrado con la ciudad, se situó en tal relación para con todo aquel que potencialmente pudiera beneficiarse con el abastecimiento de agua en las bocas de incendio, que hacía que el operar negligentemente tal abastecimiento, sin notificar oportunamente el deseo de descontinuarlo, participara del carácter de un acto torticero. En el caso de Guardian Trust & D. Co. v. Fisher;

200 U. S. 57 ((supra) 50 L. ed 367, 26 Sup. Ct. 186) hay una indicación de este criterio, pero el *dictum* fué rechazado en un caso posterior resuelto por la misma corte, German Alliance Ins. Co. v. Home Water Supply Co., 226 U. S. 220, al presentarse la oportunidad para convertirlo en ley. Estamos convencidos de que la responsabilidad sería indebida y en realidad indefinidamente extendida mediante esta ampliación de la zona del deber. El traficante en carbón de piedra que ha de suministrar su producto a una fábrica, debe responder entonces a los parroquianos si falta combustible. El fabricante de artículos que empieza a realizar su contrato, debe responder, de acuerdo con dicho criterio, no solamente al comprador sino también a aquellos que a su juicio se dirijan al comprador como fuente proveedora. Todo aquél que hace una promesa que participa de la naturaleza de un contrato tendrá, a virtud de la misma, un deber para con la persona a quien se la hace, pero tendrá otro deber fuera del contrato para con un número indefinido de beneficiarios en embrión al iniciarse el cumplimiento. El asumir una relación significará la asunción involuntaria de una serie de nuevas relaciones que están ineludiblemente entrelazadas. Una vez más podemos decir, citando a la Corte Suprema de los Estados Unidos, que 'La protección otorgada por la ley no va tan lejos.' Robins Dry Dock & Repair Co. v. Flint, 275 U. S. 303 (72 L. ed. 290, 48 Sup. Ct. Rep. 134), cf. Byrd v. English, 117 Ga. 191 (64 L.R.A. 94, 43 S. E. 419); Dale v. Grant, 34 N.J.L. 142; Connecticut Mut. L. Ins. Co. v. New York & N. H. R. Co., 25 Conn. 265, 65 Am. Dec. 571; Anthony v. Slaid, 11 Metc. 290. No es necesario que determinemos ahora qué remedio, de haberlo, podría existir si la demandada hubiese retenido el agua o reducido la presión maliciosamente con el propósito de lesionar al demandante o a alguna otra persona. Hemos echado a un lado también el problema que surgiría de haber existido una indiferencia crasa y abusiva de las consecuencias estimadas y previstas. Aún entonces existirían dificultades, mas no necesitan confundirnos por ahora. La cuestión ante nos es una mera omisión negligente, no acompañada de malicia ni de otros elementos agravantes. Bajo tales circunstancias, el dejar de proveer una cantidad suficiente de agua equivale a lo sumo a negar un beneficio. Ello no implica la comisión de un daño.''

En el caso de *German Alliance Co.* v. *Home Water Supply Co.*, citado por el Juez Presidente Cardozo, se dijo: ''Las cortes han resuelto casi uniformemente que los municipios no están obligados a suministrar agua para sofocar incendios.''

En dicho caso, al igual que en otros, se adujo el principio de que un ciudadano no tiene tal interés que le permita demandar a una compañía que se había obligado a suministrar agua a la ciudad.

*Debe confirmarse la sentencia.*