Salvador Suau Carbonell, peticionario y apelado, *v.* Capital de Puerto Rico y la Junta Administrativa del Acueducto, compuesta ésta de Jesús Benítez Castaño, Bolívar Pagán y José E. Colom, demandados y apelados.

Núm. 6886.—*Sometido:* Abril 24, 1936. *Resuelto:* Diciembre 18, 1936.

*J. Valldejuli Rodríguez*, abogado de los apelantes; *Salvador Suau* por su propio derecho y *F. Prieto Azuar*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 20 de junio de 1933 el peticionario, Salvador Suau, adquirió cierta finca urbana. radicada en el barrio de Santurce. Este inmueble perteneció primero a don Juan Barbosa Lara y más tarde a don Luis Wolff. En la fecha en que fué adquirida la finca por el peticionario Sr. Suau, los anteriores dueños de la misma debían $165.56 al Municipio de San Juan por concepto de agua suministrada por el acue-

ducto de esta ciudad. Para suministrar agua a esta casa, exigió la Junta de Administración del acueducto al Sr. Suau que satisficiese la suma que los anteriores dueños debían por el concepto indicado. Finalmente la Junta accedió a suministrar el agua previa prestación de una fianza que debía prestar el Sr. Suau para garantizar el pago de la suma adeudada. Se concedió al peticionario un plazo de veinte días para el pago de dicha cantidad, amonestándole con suspenderle el servicio si no saldaba la deuda dentro del término estipulado.

El Sr. Suau pidió la revisión y anulación de los acuerdos de dicho organismo en una solicitud dirigida contra la capital de Puerto Rico y la Junta administrativa del acueducto, compuesta de los Sres. Jesús Benítez Castaño, Bolívar Pagán y J. E. Colom, siendo el primero administrador de la capital. Alegó el peticionario que tenía derecho a utilizar el recurso de *certiorari* de acuerdo con el artículo 46 de la Ley núm. 99 de 15 de mayo de 1931 (Leyes de 1931, pág. 627).

La corte inferior expidió el auto solicitado y luego de oír a las partes dictó sentencia anulando los acuerdos adoptados por la Junta Administrativa del acueducto.

De esta sentencia apelaron los demandados alegando en primer término que la corte inferior incurrió en error al aplicar a este caso el artículo 46 de la Ley núm. 99 anteriormente citado, transcribiéndolo como lo haremos más tarde.

Se arguye que la Ley núm. 99 de 1931 en ninguno de sus artículos ha creado la entidad llamada Junta Administrativa del Acueducto y que en el presente recurso no se demanda a ninguna de las personas expresamente mencionadas en el citado artículo 46, sino a la Capital de Puerto Rico y a la Junta Administrativa del acueducto.

Creemos que la petición en este caso fué debidamente instada y que la corte inferior adquirió jurisdicción de la persona o personas necesarias a ser demandadas.

Los artículos 1, 2, 3 y 4 de la Ley núm. 99 de 1931 disponen:

"Artículo 1.—El Municipio de San Juan, de Puerto Rico, tal como se encuentra constituído por la legislación vigente, queda por la presente abolido. En su lugar se crea una corporación política y jurídica de gobierno local, con los mismos límites territoriales que pertenecen en la actualidad al Municipio de San Juan.

"Artículo 2.—La palabra 'Capital' aplicada en el texto de esta Ley, se referirá a la corporación política y jurídica que se crea de acuerdo con el artículo anterior.

"Artículo 3.—Los habitantes de la capital por la presente, y desde la fecha de la vigencia de esta Ley, quedan constituídos en una corporación política y jurídica que llevará el nombre de 'Capital de Puerto Rico', y como tal corporación jurídica y política tendrá personalidad perpetua, y disfrutará de todos los derechos, facultades y privilegios y cumplirá todas aquellas obligaciones que actualmente de acuerdo con la legislación vigente tiene el Municipio de San Juan, Puerto Rico, todo lo cual disfrutará y ejercerá la capital de acuerdo con las limitaciones y poderes provistos en la presente Ley; *Disponiéndose,* que la capital quedará subrogada, a todos los efectos, en los derechos, acciones y obligaciones del Municipio de San Juan.

"Artículo 4.—La capital de Puerto Rico o ciudad de San Juan como tal corporación política y jurídica, tendrá facultades para (*a*) adoptar y usar el sello oficial; (*b*) demandar y ser demandada en las cortes de justicia; (*c*) reclamar el cumplimiento de acciones de derecho, defenderse debidamente, y ejercer toda clase de procedimientos judiciales; (*d*) adquirir, mediante los trámites reconocidos en derecho, toda clase de bienes muebles e inmuebles, por compra, permuta, donación, legado, expropiación forzosa, en virtud de procedimientos judiciales o por cualquier otro medio sancionado por la ley; (*e*) disfrutar el dominio, la posesión y administración de bienes muebles e inmuebles, por los medios sancionados por la ley; (*f*) enajenar, gravar, arrendar, y ceder el uso de cualquier propiedad suya, de acuerdo con las disposiciones sancionadas por la ley; y (*h*) ejercer todas aquellas facultades expresadas en la presente ley."

Por tanto, es evidente que el Municipio de San Juan, conocido como la Capital de Puerto Rico, es una corporación municipal con los mismos poderes que cualquiera otra corporación municipal y con la capacidad para demandar y ser

demandada tenida por cualquiera otra corporación de esa naturaleza. ' El funcionario a ser notificado para dar a la corte jurisdicción envuelve cuestión distinta.

En general, un municipio es responsable de los actos debidamente autorizados de sus agentes o subordinados. En su consecuencia la Capital de Puerto Rico era responsable de lo que sus agentes "Junta Administrativa del Acueducto" hicieron o realizaron. No se sostiene que Jesús Benítez Castaño, Bolivar Pagán, y J. E. Colom, que nominalmente constituían la Junta Administrativa del Acueducto, no fueran una junta interna del municipio con ciertos deberes impuéstosles por dicho municipio. Esta junta interna en nuestra opinión no era una entidad legal capaz de ser demandada como tal, sino que era un conjunto de individuos. Pueden hallarse analogías en sociedades, sucesiones y asociaciones voluntarias.

De igual modo la Junta Administrativa no era una entidad legal capaz de ser demandada por los actos que propiamente corresponden a la capital. Esta última junta es similar a una legislatura o asamblea, conforme se provee en la sección 11 de la Ley núm. 99, supra.

Creemos por tanto que el demandante cometió un error al tratar de demandar a cualquiera de estas juntas. Sin embargo, no se presentó objeción alguna a la petición por este motivo. Por ende, si la Capital de Puerto Rico fué debidamente traída ante la Corte de Distrito de San Juan, la tentativa de demandar a cualesquiera otras personas puede considerarse como supérflua.

■■ Ahora bien, antes de aprobarse esta Ley de 1931, supra, el derecho de los ciudadanos a obtener indemnización fué definido por otras leyes de la Legislatura de Puerto Rico y en ellas no se concedió el remedio de revisar por *certiorari* los actos específicos de que se quejan en este caso. (Véase a este respecto *Wys* v. *Junta de Subastas del Concejo, etc.*, 30 D.P.R. 83). Por tanto, a menos que la sección 46 de la

Ley núm. 99 otorgara al peticionario el derecho a instituir un *certiorari*, ese remedio específico no procedía.

Entramos entonces a considerar el artículo 46 de la Ley núm. 99 en que se fundan ambas partes. Éste lee así:

"Artículo 46.—La Corte de Distrito de San Juan tendrá jurisdicción a instancia de parte perjudicada:

"(*a*) Para revisar o anular cualquier acto legislativo o administrativo de la Junta de Comisionados, de la Junta Administrativa o de cualquier funcionario de la capital que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica y a las leyes de Puerto Rico, mediante *certiorari;*

"(*b*) Para suspender, mediante *injunction*, la ejecución de cualquier ordenanza, acuerdo, resolución u orden de la Junta de Comisionados, de la Junta Administrativa y cualquier funcionario de la Capital que lesione derechos garantizados por la Ley Orgánica o por las leyes insulares;

"(*c*) Para compeler mediante auto de *mandamus,* al cumplimiento de deberes ministeriales por los funcionarios de la capital;

"(*d*) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios de la capital por malicia, negligencia o ignorancia inexcusables."

El apelante o los apelantes, según sea el caso, sostienen que los demandados no eran ninguna de las personas especificadas en dicho artículo. Empero el inciso (*a*) supra confiere a las cortes el derecho a revisar los actos de cualquier funcionario de la capital, de la Junta de Comisionados o de la Junta Administrativa. Resolvemos que las personas que constituyen la "Junta Administrativa del Acueducto" eran funcionarios de la capital. Sin embargo, si no lo eran, los actos por ellos realizados lo fueron como agentes de la Junta de Comisionados o de la Junta Administrativa; en otras palabras, como funcionarios o agentes de la Capital de Puerto Rico.

Dicha sección no define las personas que deben o pueden ser demandadas sino que meramente expone a la Capital de Puerto Rico a ser demandada por cualquiera de los actos

mencionados en los párrafos en ella especificados. Otorgó al peticionario o a otros un derecho sustantivo y un remedio especial mediante *certiorari* bajo el inciso (*a*). ·La manera de llevar a un municipio a los tribunales existe *entonces* al igual que en cualquier otro caso en que un municipio es responsable bajo la ley.

La Capital de Puerto Rico fué debidamente designada como demandada en la petición o demanda aquí presentada. El auto fué notificado a Jesús Benítez Castaño como Administrador de la ciudad y como Presidente de la Junta Administrativa. Hay más.

Luego de notificado este auto, el Sr. Juan Valldejuli Rodríguez archivó una contestación a nombre de los demandados, de los cuales la Capital de Puerto Rico era uno. Esta era una comparecencia—de ser una comparecencia necesaria—totalmente suficiente para llevar a la Capital de Puerto Rico ante la Corte de Distrito de San Juan. El demandado responsable, la Capital de Puerto Rico, dejó de hacer en la corte inferior objeción alguna por indebida acumulación de partes en la causa y no planteó la cuestión de que la corte no tiene jurisdicción sobre dicho municipio. Solamente se defendió sobre los méritos de la contención del peticionario. Estando todas las partes ante la corte, bien por haber sido debidamente notificadas o por comparecencia voluntaria, la Corte de Distrito de San Juan tenía jurisdicción para determinar las cuestiones planteadas por el peticionario.

En·la teoría de que la Junta Administrativa del Acueducto era una entidad y de que podía ser demandada como tal, ella de igual modo se hallaba enteramente dentro de la jurisdicción de la corte de distrito.

En lo que al segundo error señalado por la apelante se refiere, cuanto necesitamos decir es que la interpretación dada a la ordenanza por la Junta Administrativa del Acueducto tomó la forma de una orden que amenazó menoscabar los derechos del peticionario. Esta violación inminente de

derechos colocó al peticionario claramente dentro de las disposiciones del inciso (a) del artículo 46, supra. A este respecto la corte inferior dijo:

"La ordenanza es perfectamente válida y razonable. Lo que no es razonable ni correcto es la interpretación que en este caso le ha dado la Junta de Administración del Acueducto. Como muy bien dice la Sección transcrita, una vez aprobada por el Alcalde la solicitud de suministro de agua, se crea un contrato entre el solicitante y el Municipio de San Juan, quedando entendido que el dueño de la propiedad es el responsable al Municipio del agua que se consuma en su propiedad; pero esto no quiere decir que un dueño posterior que no fué parte en dicho contrato deba ser responsable del agua consumida por dueños anteriores. De dar tal interpretación a la ordenanza, tendríamos que declararla ilegal, porque en Puerto Rico no existe ningún precepto creando un gravamen (lien) a favor de los municipios o compañías suministradoras de agua sobre los inmuebles por el agua suministrada a los mismos. Véase al efecto el caso de *Truner* v. *Revere Water Co.*, 171 Mass. 329, 40 L. R. A. 657, donde se sostiene que para poder constituir un gravamen a favor del municipio o de la compañía suministradora de agua es necesario que así se autorice por una ley y que un mero reglamento de la compañía suministradora del agua no es suficiente.

"Véase también el caso de *City of Covington* v. *Ratterman*, 17 L. R. A. (N. S.) 923.

"No existiendo en Puerto Rico ninguna ley estableciendo un gravamen (lien) a favor de los municipios o compañías suministradoras de agua por el agua suministrada a los inmuebles, carece de facultades la Junta de Administración del Acueducto para exigir al peticionario que pague el agua consumida por anteriores dueños como condición precedente para darle servicio, y siendo por consiguiente ilegales los acuerdos objeto de este recurso, procede en este caso una sentencia declarándolos nulos y sin ningún valor ni efecto legal."

Nada tenemos que agregar a ese razonamiento.

Tampoco estamos convencidos de que el remedio sugerido por la apelante de acudir a la Comisión de Servicio Público afectaría en forma alguna el derecho o la libertad del peticionario de aprovecharse del remedio especial concedídole por la ley aquí envuelta.

El último error se refiere a la apreciación de los hechos alegados en la petición. Nada hallamos en ella que sea contradictorio o inconsistente con la opinión de la corte sentenciadora.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.