Enrique y Francisco Blanes García, demandantes y apelantes, v. Capital de Puerto Rico y The Yorkshire Insurance Co., Ltd., demandados y apelados.

Núm. 8024.—*Sometido:* Mayo 1, 1940. *Resuelto:* Octubre 24, 1940.

*Salvador Suau,* abogado de los apelantes; *J. Valldejuli Rodríguez* y *Géigel & Silva,* abogados de las apeladas.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Los demandantes en una acción de daños y perjuicios apelan de la sentencia que declaró sin lugar la demanda. Sostienen que la corte de distrito erró: al asumir que el caso de autos es uno que se contrae a actuaciones de empleados de la capital, en el servicio de limpieza municipal o recogido de basura; al declarar que no existe responsabilidad civil por parte de la Capital de Puerto Rico por actuaciones de sus empleados y agentes cuando éstos actúan en funciones gubernativas, y al desestimar por tal fundamento la demanda en el presente caso.

■ Los demandantes alegaron que la demandada en el ejercicio de sus funciones municipales mantenía y operaba para servicio oficial de sus respectivos negociados y dependencias varios vehículos de motor, entre otros el automóvil Ford de dos asientos, registrado a su nombre con tablilla núm. G.M.–240, que en la fecha, hora y sitio alegados en la demanda era conducido por el chófer autorizado Ramón Murga Suárez como agente, subalterno o empleado, dentro de las atribuciones oficiales de su empleo, del departamento de limpieza municipal, que es una dependencia o negociado de la demandada Capital de Puerto Rico. Alegaron además que el choque ocurrido en determinado sitio dentro del Municipio de Río Piedras se debió a la exclusiva culpa, negligencia e impericia del chófer y empleado de la demandada.

Un automóvil Ford, al igual que los camiones de la limpieza, pueden ser utilizados en relación con el trabajo de recogido y remoción de la basura del municipio. Tal uso no envuelve necesariamente la transportación material de basura en el vehículo así utilizado. El conductor de dicho vehículo puede ser enviado a un municipio contiguo a hacer una diligencia oficial. Ni la alegación de que el automóvil en cuestión era un Ford de dos asientos, ni la aseveración de que el accidente ocurrió fuera de los límites del municipio bastaba para destruir el efecto de las otras alegaciones. El juez de distrito no cometió error en su conclusión de que estaban envueltos actos de los empleados municipales en el servicio de limpieza, ora tales empleados se dedicaran o no a la remoción material de basura en el momento del accidente.

■■ En apoyo de su segunda contención los apelantes citan: *Compañía Industrial de Aguadilla* v. *Municipio de Aguadilla*, 47 D.P.R. 547; *Suau* v. *Capital de Puerto Rico*, 50 D.P.R. 768; *Kaufman* v. *City of Tallahassee* (Fla.), 94 So. 697; Huddy on Automobiles 924, 925 (alegato apelantes pág. 7); 4 Blashfield, Cyclopedia of Automobile Law and Practice (1930 Cum.) 1313; artículo 17 de la Ley de Automóviles (Leyes de 1916, pág. 144); *Jones* v. *Town of Clarkson*, 223

N. Y. 611 (130 Misc. Rep. 57); los artículos 1–4 inclusive y 46 de la Ley núm. 99 "Para establecer un gobierno especial para la Capital de Puerto Rico, y para otros fines", aprobada el 15 de mayo, 1931 (Leyes de ese año, pág. 627); los artículos 1802 y 1803 del Código Civil (ed. de 1930).

Si al momento de ocurrir el accidente el municipio se dedicaba al ejercicio de funciones estrictamente gubernamentales, éste no era responsable a menos que el estatuto así lo dispusiera. Véanse 6 McQuillin, The Law of Municipal Corporation (2a. ed.) 1038, 1045 y 1048, secciones 2792 y 2793; *Villegas* v. *Municipio de San Juan*, 19 D.P.R. 419; *Compañía Industrial de Aguadilla* v. *Municipio de Aguadilla,* supra, y *Colón* v. *Gobierno de la Capital,* 57 D.P.R. 15. El artículo 17 de la Ley de Automóviles y los artículos 1 a 4 inclusive y 46 de la Ley núm. 99 "Para establecer un gobierno especial para la Capital de Puerto Rico, y para otros fines", supra, aprobada el 15 de mayo, 1931 (Leyes de ese año, pág. 627) no tienen el efecto atribuídoles por los apelantes. 5 Blashfield, Cyclopedia of Automobile Law & Practice, Permanent Edition, 1935, 10, sección 2889; *Lacock* v. *Schenectady,* 168 N. E. 433. Véanse *Compañía Industrial de Aguadilla* v. *Municipio de Aguadilla,* supra, y *Colón* v. *Gobierno de la Capital,* supra.

El artículo 3 de la "Ley para establecer un gobierno especial para la Capital de Puerto Rico, y para otros fines," supra, lee así:

"Los habitantes de la capital por la presente, y desde la fecha de la vigencia de esta Ley, quedan constituídos en una corporación política y jurídica que llevará el nombre de 'Capital de Puerto Rico', y como tal corporación jurídica y política tendrá personalidad perpetua, y disfrutará de todos los derechos, facultades y privilegios y cumplirá todas aquellas obligaciones que actualmente de acuerdo con la legislación vigente tiene el Municipio de San Juan, Puerto Rico, todo lo cual disfrutará y ejercerá la capital de acuerdo con las limitaciones y poderes provistos en la presente Ley; *Disponiéndose,* que la capital quedará subrogada, a todos los efectos, en los derechos, acciones y obligaciones del Municipio de San Juan."

Esto sin más basta para distinguir el presente caso del de *Kaufman* v. *City of Tallahassee,* supra. Véase la monografía al caso de Kaufman en 30 A.L.R. 473, 474. Aunque parece haber alguna divergencia de criterio, el más correcto es, a nuestro juicio, que un municipio en el recogido y disposición de la basura actúa en su carácter gubernamental. Véanse McQuillin, The Law of Municipal Corporations (2a. ed. 1937) 1058, 1092, 1094, secciones 2796, 2807; *Loube* v. *District of Columbia,* 92 F. (2d) 473; *Baumgardner* v. *City of Boston,* 23 N. E. (2d) 121; la nota al caso de *Harris* v. *District of Columbia,* 14 A.L.R. 1477. Pero véase la monografía al caso de *Devers* v. *Scranton,* 85 A.L.R. 696; *Miller* v. *Town of Irondequoit,* 243 App. Div. 240, 276 N.Y.S. 497; monografía al caso de *Evans* v. *Berry,* 89 A.L.R. 395; *Devers* v. *City of Scranton* (Pa.), 161 A. 540, 85 A.L.R. 692; *Schumacher* v. *City of Milwaukee* (Wis.), 243 N.W. 756.

El juez de distrito no cometió error al decidir que la Capital de Puerto Rico no era responsable de los actos de sus empleados y agentes cuando ella actuaba en su capacidad gubernamental, ni al declarar sin lugar la demanda sobre esa teoría.

*La sentencia apelada debe ser confirmada.*