JUAN SERRA, por sí y en representación de su esposa MERCEDES MALDONADO, demandantes y apelantes, *v.* AUTORIDAD DE TRANSPORTE DE PUERTO RICO, ANGLO PORTO RICAN INSURANCE AGENCY, INC., GOBIERNO DE LA CAPITAL y la MARYLAND CASUALTY COMPANY, demandados y apelados.

Núm. 9423.—*Sometido:* Mayo 6, 1947. *Resuelto:* Julio 16, 1947.

612

*Bauzá & Bauzá,* abogados de los apelantes; *Charles R. Hartzell, Fernando B. Fornaris* y *José L. Novas,* abogados del Gobierno de la Capital y Maryland Casualty Co., apelados; *Córdova & González* y *Carlos J. Faure,* abogados de la Autoridad de Transporte y la Anglo Porto Rican Insurance Agency Inc., apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La guagua número 87, propiedad de la Autoridad de Transporte de Puerto Rico, en la cual viajaba como pasajera la esposa del demandante, chocó con la Ambulancia del Hospital Municipal de San Juan. La demandante recibió lesiones en todo el cuerpo y hubo de ser llevada al Hospital Municipal, en donde abortó.

En la demanda radicada ante la Corte de Distrito de San Juan se alega que el accidente se debió a la negligencia del chófer y empleado de la Autoridad de Transporte. Para proteger los derechos de la demandante, en el caso de que resultare que el accidente fué causado por la negligencia del conductor de la ambulancia, la demandante hizo partes demandadas al Gobierno de la Capital, a la Anglo-Porto Rican Insurance Agency, Inc., como aseguradora de la guagua y a la Maryland Casualty Company como aseguradora de la ambulancia municipal.

Contestaron la Autoridad de Transporte y la Anglo-Porto Rican Insurance Agency, Inc. negando los hechos esenciales de la demanda y alegando como defensa especial que la causa próxima del accidente fué la negligencia crasa del chófer de la ambulancia.

Alegó el Gobierno de la Capital que la demanda no aduce hechos suficientes para constituir una causa de acción; y como defensa especial, que en el momento en que ocurrió el accidente la ambulancia no estaba siendo utilizada para fines

corporativos y sí para fines gubernamentales de beneficencia pública. Solicitó el Gobierno de la Capital que por las razones expuestas se desestimase la demanda.

La corte inferior dictó su resolución desestimando la demanda, en lo que respecta al Gobierno de la Capital y a la Maryland Casualty Co., basándose en lo resuelto por esta Corte Suprema en *Villegas* v. *Municipio de San Juan,* 19 D.P.R. 419. *Cf. Davidson* v. *Hettinger & Co.,* 62 D.P.R. 301. Resolvió, además, que "no siendo responsable el municipio de los daños y perjuicios que pueda haber ocasionado su ambulancia a la esposa del demandante, la aseguradora Maryland Casualty Company tampoco puede serlo." Apelaron los demandantes, alegando como base de su recurso, que la resolución apelada es contraria a derecho.

■■ En el caso de *Villegas,* supra, resuelto en el año 1913, se presentó a la consideración de este Tribunal, por primera vez, la misma cuestión envuelta en el presente caso, o sea si un gobierno municipal es responsable por los daños y perjuicios causados por la negligencia del conductor de una ambulancia dedicada al servicio de beneficencia municipal. Siguiendo la regla establecida en *Maximilian* v. *Mayor et al.,* 62 N.Y. 160—según la cual el municipio es responsable cuando actúa como una corporación privada en el ejercicio de alguna facultad especial que le hubiere sido concedida y no lo es cuando la facultad le ha sido encomendada como uno de los organismos políticos del Estado, como medio para ejercitar la facultad soberana en beneficio de todos los ciudadanos—se resolvió que el Municipio de San Juan no era responsable, porque "solamente cuando el Municipio recibe algún beneficio como tal corporación es que puede hacérsele responsable de los actos ejecutados por los agentes ocupados en el servicio de caridad o beneficencia municipal."

Veintiún años más tarde, en 1934, este Tribunal tuvo ante sí nuevamente la misma cuestión que estamos considerando, en el caso de *Compañía Industrial de Aguadilla, Inc.* v. *Mu-*

*nicipio de Aguadilla,* 47 D. P.R. 547. Se reclamaban daños y perjuicios por la destrucción por un incendio de una fábrica de muebles de la demandante, alegándose que el Municipio había sido negligente por no haber suministrado agua durante los primeros 45 minutos del incendio y por falta de cooperación por parte de los empleados dedicados al servicio de extinción de incendios. Se resolvió que el Municipio no era responsable porque en la administración de su Departamento de Incendios el Municipio actúa en su capacidad gubernamental y no en su carácter particular.

En *Colón* v. *Gobierno de la Capital,* 57 D.P.R. 15, se reclamaron daños y perjuicios por las lesiones causadas al demandante por un automóvil conducido por un empleado municipal. El vehículo regresaba a San Juan después de haber conducido a Río Piedras a un empleado técnico, quien prestaba servicios en relación con la conservación y explotación del acueducto municipal. La corte inferior resolvió que la palabra "funcionario" usada en el artículo 46(*d*) de la Ley núm. 99 de 1931, para establecer un gobierno especial para la Capital de Puerto Rico, redactado en términos idénticos a los del artículo 83(*d*) de la Ley Municipal de 1928, no incluía a los agentes y empleados del Gobierno de la Capital; que el chófer que guiaba el automóvil era un *empleado* y no un *funcionario;* y por último, que el Municipio no era responsable porque en el momento del accidente el chófer prestaba servicios al Municipio en su carácter *gubernativo* y no en su carácter *corporativo.* La sentencia fué revocada, resolviéndose que "al explotar y conservar el acueducto el Gobierno de la Capital realiza una función corporativa y no gubernativa"; y que "cuando las funciones que realiza la municipalidad no son de carácter público o gubernativo, y sólo tienden al beneficio del municipio y de sus habitantes, no existe razón alguna para que la municipalidad esté exenta de responsabilidad por los actos u omisiones de sus empleados."

En *Davidson* v. *H. I. Hettinger & Co.* y *El Gobierno de la Capital,* 62 D.P.R. 301, la demandante reclamó daños y perjuicios por lesiones que sufriera al caer en un hueco que había en una acera de una calle pública en Santurce. Se alegó que el Municipio había sido negligente porque teniendo conocimiento de las obras que se realizaban permitió que el contratista dejara el hueco sin protección alguna. Al confirmar la sentencia en favor de la demandante, dijimos:

"En relación con la reparación y mantenimiento de sus calles una minoría de las autoridades sostiene que es una función gubernamental y que el municipio no es responsable aun bajo la Ley Común en los Estados de Arkansas, California, Connecticut, Maine, Massachusetts, Michigan, New Jersey, Oregon, Rhode Island, South Carolina, Vermont, New Hampshire y Wisconsin. En algunos de estos Estados se han aprobado estatutos imponiendo o limitando la responsabilidad municipal en estos casos. Empero, en la mayoría de los Estados se sostiene la responsabilidad de los municipios en relación con accidentes ocurridos con motivo de la negligencia de sus funcionarios y empleados en el mantenimiento y reparación de las calles.

"No tenemos duda de que en el mantenimiento de sus calles y vías de comunicación el municipio actúa en su capacidad gubernamental ya que ningún beneficio pecuniario obtiene, empero, no vemos razón poderosa alguna que impida que, consecuentes con nuestra aceptación de las doctrinas del derecho común sobre las actuaciones gubernamentales y corporativas de los municipios a que hemos hecho referencia, no debamos también aceptar y adoptar la excepción que a la primera de dichas doctrinas existe en el derecho común americano."

Véase también: *Blanco* v. *Municipio de Mayagüez,* 57 D.P.R. 482.

Pocas doctrinas han sido tan discutidas y tan severamente criticadas como la que estamos considerando en el presente caso. Todos los autores que hemos consultado están de acuerdo en que probada la negligencia de un funcionario o empleado de un municipio, éste debe responder en daños y perjuicios, lo mismo cuando se trata de funciones gubernamentales que de funciones corporativas de las cuales el Mu-

nicipio deriva algún beneficio pecuniario.([1]) La regla en verdad no está sostenida ni por la razón ni por la justicia. No existe razón alguna para sostener que un viandante, que es arrollado por un automóvil del Servicio del Acueducto, negligentemente conducido por un chófer del Municipio, tiene derecho a recobrar daños y perjuicios en una acción contra el Municipio; y que otro viandante, igualmente lesionado, no tiene remedio alguno cuando el vehículo negligentemente conducido por un chófer municipal es una ambulancia del servicio de beneficencia municipal.

La Ley núm. 99, de mayo 15 de 1931, pág. 627, para establecer un gobierno especial para la Capital de Puerto Rico, dispone:

"*Artículo* 46.—La Corte de Distrito de San Juan tendrá jurisdicción a instancia de parte perjudicada:

"(*d*) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios de la capital por malicia, negligencia o ignorancia inexcusables."

La cuestión que debemos considerar y resolver es si al conceder a la persona perjudicada por la negligencia inexcusable de un "funcionario" de la Capital el derecho a reclamar al Gobierno Municipal compensación de daños y perjuicios, el legislador usó la palabra "funcionario" en su sentido concreto y restrictivo, o sea para incluir solamente a los funcionarios administrativos creados por el artículo 10 de la misma Ley, quienes de acuerdo con el artículo 20 constituyen la "Junta Administrativa de la Capital", o si la usó en su acepción más amplia y extensa para incluir a cualquier empleado o agente, que actuando a nombre del Municipio y

---

([1]) Borchard: *Government Liability in Tort;* 34 Yale Law Journal, 129; *Distinction Between Governmental and Proprietary Functions of Municipal Corporations,* by Doddridge, 23 Mich. Law Rev. 325; *Municipal Tort Liability in Operation,* by Fuller and Casner, 54 Harv. Law Rev. 437; *Liability for Operation of Emergency Vehicles,* 27 California Law Review 57; *Tort Liability of Mun. Corporations in N.Y.,* 43 Columbia L. Rev. 84.

para beneficio de la comunidad, lo haga negligentemente y cause perjuicios a cualquier persona. Los funcionarios administrativos que constituyen la Junta Administrativa de la Capital son el Administrador (*City Manager*), el Tesorero, el Director de Obras Públicas, el Director de Sanidad y Beneficencia y el Director Escolar.

En la Enciclopedia Jurídica Española encontramos las siguientes definiciones:

"*Funcionario.* La persona dedicada al desempeño de alguna *función o servicio.*

"*Funcionario Judicial.* Tomando la palabra 'funcionario' en su acepción más amplia y extensa, es funcionario judicial el que ejerce facultades o atribuciones de este orden, desde el presidente del Tribunal Supremo *hasta el alguacil de un Juzgado Municipal.* . . . .

"Dando al término 'funcionario' el sentido más concreto y específico, que contrapone este concepto a los de 'autoridad' y 'agente de la autoridad,' su aplicación en lo judicial quedará limitada a quienes, si bien desempeñan funciones judiciales, carecen de la potestad de mando, propia o delegada. (Bastardillas nuestras.) Vol. 16, págs. 861 y 862.

"*Funcionario Público.* Denomínase así a toda persona que prestando su actividad para la realización de los fines de una sociedad política cualquiera, crea por este solo hecho una relación jurídico-pública.

"I. *Explicación del Concepto.*—Desde luego se percibe que la *función,* y lo mismo podría decirse del *empleo público,* supone prestación de actividad por parte de individuos determinados. El Estado, la Provincia, el Municipio, no pueden, en cuanto son personas morales, realizar sus fines si no se valen para ello de las personas físicas que mediante su actividad respectiva hagan lo que aquellas sociedades políticas no pueden realizar.

"Hay quien supone que la actividad ha de prestarla el funcionario, *especialmente el funcionario empleado,* de un modo *permanente;* pero según nuestro modo de ver, no es esta nota de la permanencia, precisa para caracterizar el concepto. *Basta sencillamente que se haga algo, teniendo la vista puesta en el interés público, y lo que se haga, por muy circunscrito que aparezca por el tiempo, será una función pública y la persona que la realice un funcionario de la misma condición.*" (Bastardillas nuestras.) Vol. 16, pág. 864.

El artículo 46 de la Ley núm. 99 de 1931 reconoce a toda persona perjudicada por la negligencia de un funcionario municipal el derecho a reclamar daños y perjuicios al Municipio, sin establecer distinción alguna entre los casos en que el funcionario ejecutaba actos de autoridad o funciones gubernamentales y aquéllos en que el funcionario fué negligente en la ejecución de actos de gestión o funciones corporativas, como agente especial del Municipio.

Si el legislador hubiese tenido el propósito de hacer responsable al Gobierno de la Capital solamente por la culpa o negligencia del Administrador (*City Manager*) o de cualquiera otro de los componentes de la Junta Administrativa de la Capital, muy fácil le hubiera sido expresar claramente su intención con sólo añadir a la palabra "funcionarios" el adjetivo "administrativos". Nos inclinamos a sostener que el legislador usó la palabra "funcionario" en su acepción más amplia y extensa y que su intención fué la de incluir bajo esa denominación a los chóferes o conductores de los automóviles de los distintos departamentos del Gobierno de la Capital dedicados a prestar servicios al público, pues no es razonable creer que se haya creado un derecho de acción para reclamar indemnización por daños causados por la negligencia de funcionarios administrativos—el *City Manager*, el Tesorero, el Director de Obras Públicas, el Director de Sanidad y Beneficencia y el Director Escolar—quienes por razón de sus cargos nada tienen que ver con el manejo o conducción de máquinas o automóviles que puedan causar daños al ser negligentemente manejados o conducidos, y que no se haya concedido igual derecho de acción a la víctima de un vehículo negligentemente conducido por un chófer municipal. Opinamos que el propósito del legislador fué repudiar la doctrina del derecho común—que hace responsable al municipio cuando éste actúa en su capacidad corporativa y no cuando actúa como un organismo político del Estado—y conceder un derecho de acción a toda persona que haya sido perjudicada

por la negligencia de cualquiera otra persona que como funcionario, agente, empleado o sirviente del municipio, se encuentre realizando una función o prestando un servicio para beneficio de la comunidad municipal.

El requisito del beneficio pecuniario, como base para la responsabilidad del municipio por daños causados por la negligencia de sus empleados, adoptado por esta corte en el caso de *Villegas* v. *Municipio,* supra, ha sido repudiado por numerosas decisiones, en las cuales se sostiene que el deber que tiene el municipio de ejercitar el debido cuidado en el desempeño de sus funciones nace del derecho que tiene el ciudadano a la seguridad y protección de su persona y no depende del beneficio pecuniario que pueda derivar el municipio del servicio que presta a la comunidad. 38 Am. Jur., pág. 270. La regla sentada por las decisiones que hemos citado es, a nuestro juicio, justa y razonable y, como tal, aplicable al caso de autos. Los casos de *Villegas* v. *Municipio de San Juan,* supra, *Compañía Industrial de Aguadilla, Inc.* v. *Municipio de Aguadilla,* supra, y *Blanes* v. *Capital de Puerto Rico,* 57 D.P.R. 551, por ser incompatibles con la conclusión a que hemos llegado en el presente caso, quedan revocados.

La corte inferior erró al declarar con lugar la moción de desestimación de la demanda enmendada en cuanto al Gobierno de la Capital de Puerto Rico y a la Maryland Casualty Company. *La resolución recurrida será revocada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Marrero no intervino.