## Lampton & Burks, et al. v. Wood.

(Decided May 18, 1923.)

### Appeal from Boyle Circuit Court.

1. Municipal Corporations—Liable for Negligent Failure to Keep Streets Reasonably Safe, Such Maintenance Not Being Governmental Function.—A municipality is liable in damages for its

negligent failure to maintain its streets in a reasonably safe condition for public travel; such maintenance by it not being the exercise of a governmental function.

2. Municipal Corporations—Governmental Functions Exercised for Benefit of Public Generally.—A municipality performs governmental functions in the exercise of its corporate powers, because such powers are exercised by it for the benefit of the public generally, and in their exercise it represents and is an arm of the state, such as its exercise of powers pertaining to the public health and to the maintenance of charitable, penal, reformatory, and similar public institutions, but when it exercises only such powers and privileges as are peculiarly for its own benefit, or the benefit of its own citizens, or those of its immediate locality, it is acting in a strictly corporate capacity.

3. Municipal Corporations—Evidence Held to Take to the Jury Insufficiency of Warning of Stone Pile in Street.—Evidence that a pile of stone, occupying half of the driveway of a street for a distance of 150 feet or more, was lighted at one end by a red light, but that the contractor and the city relied upon an incandescent street light at the other end as sufficient warning, and that the incandescent light was not burning at the time of the accident, held sufficient to take to the jury the issue of the negligence of the city, and the contractor in failing to give proper warning of the obstruction.

4. Damages—$500.00 for Bruises to Arm and Knees Held Not Excessive.—A verdict awarding $500.00 to a woman who was thrown from a buggy, and who testified her elbow and shoulder were badly hurt temporarily, and that her knees were painfully bruised and the skin broken on them, corroborated by testimony of a doctor as to injury to the arm, held not excessive.

BAGBY & HUGUELY and FRED FORCHT for appellants.

PURYEAR & CLAY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In May, 1920, appellee was one of the occupants of a buggy driven by another going south on Maple avenue in Danville. The buggy came in contact with a pile of stone about four feet high on the driveway of that street and was overturned, whereby she was injured. This happened about eight o'clock at night, or shortly thereafter, when it was dark.

This is an action by her against the city of Danville and Lampton & Burks, contractors, wherein she seeks damages because of such injuries. The negligence complained of is that the contractors had placed upon and

permitted to remain upon the driveway of the street a large pile of crushed rock in such way as to occupy more than half of the roadway and without placing lights or other warnings, or any sufficient means of warning persons using the street, of the existence of such obstruction and unsafe condition, and that they each knew or could have known by the exercise of ordinary care of the obstruction and unsafe condition caused thereby, and each negligently failed to remove same or to use proper or any means to advise the traveling public of the obstruction.

The separate answers of the two defendants put in issue the material facts alleged in the petition, and in separate paragraphs each relied upon contributory negligence; and in still a separate paragraph they each alleged that the city under authority of law had contracted with Lampton & Burks to construct and pave with asphalt the street in question and other streets within the city, and that the city was charged with the governmental duty and function of constructing and keeping its streets in safe condition for public travel, and that the stone was placed in the street for the purpose of constructing and paving the same, and relied upon its alleged exercise of such governmental function as defeating the right of the plaintiff to any recovery for damages resulting from the tort sued on.

To this latter paragraph a demurrer was sustained by the trial court.

On the trial plaintiff was awarded a verdict for five hundred dollars in damages, upon which judgment was entered, and the defendants have appealed.

Three reasons are urged for reversal:

(1)   Because of the erroneous action of the court in sustaining a demurrer to the paragraph pleading the exercise of a governmental function;

(2)   Because of the court's refusal to give the peremptory instruction asked for at the conclusion of all the evidence for the reason, as claimed, that all the evidence showed defendants had used reasonably sufficient means to warn the traveling public of the presence of the obstruction; and

(3)   Because the damages were excessive.

(1)   It would appear to be wholly unnecessary to go into any extended discussion of whether a municipality in this state is liable in damages for its negligent failure to maintain its streets in a reasonably safe condition for

public travel.   Such liability has been so often recognized and enforced, and the authorities on the question are so numerous, it is unnecessary to refer to them.

A municipality in the exercise of certain of its corporate powers does perform governmental functions, because such powers are exercised by it for the benefit of the public generally, and in their exercise it represents and is an arm of the state.   For instance, in matters pertaining to the public health and to the maintenance of charitable, penal, reformatory and similar public institutions it acts in its public capacity because the public generally is vitally interested in such activities.   But when the municipality exercises only such powers and privileges as are peculiarly for its own benefit or the benefit of its own citizens or those of its immediate locality, it is acting in its private or strictly corporate capacity as distinguished from its capacity as an arm of, and part of, the state.   The state has a direct interest in maintaining the public health throughout its borders, and in maintaining charitable reformatory and penal institutions therein; while the state as a whole has no vital interest in the maintaining by a municipality of the streets within its borders, so they may be safe for public travel.

The distinction between these several kinds of functions exercised by municipalities has often been pointed out by this court.   Twyman v. Frankfort, 117 Ky. 518; Smith v. Commissioners of Sewerage, 146 Ky. 562.   It follows that the court properly sustained the demurrer.

(2)   The contention is earnestly made that the appellants were entitled to the directed verdict for which they asked because all the evidence showed they had used reasonably sufficient means to warn the public of the obstruction.

The evidence shows that the pile of stone was about four or four and a half feet high and occupied about one-half of the driveway for a distance of one hundred and fifty feet or more, and that the agent and employe of the contractors had placed at the southern end of the pile of stone a red light, and that at or near the northern end there was an incandescent street light upon which they relied to give warning of the obstruction at that end.

This injury occurred at the northern end, and there is evidence to the effect that the incandescent light near that end, upon which appellants placed reliance, some-

times burned and sometimes did not, and that in fact it was not burning on the night of and at the time of the injury. Whether under these circumstances that light furnished a reasonably sufficient warning to the public of the obstruction in the street was one which properly was submitted to the jury. As said by this court in the case of Georgetown v. Groff, 136 Ky. 662:

"It is the duty of the city when the obstructions are placed in the street to use such means as are reasonably necessary to warn those using the street of the presence of the obstruction, and it is a question for the jury, under the particular facts in each case, to determine whether or not the means used for this purpose were reasonably sufficient."

(3) The plaintiff's evidence as to her injuries was that her elbow was struck with a great deal of force and her shoulder badly hurt temporarily, and that her knees were painfully bruised and the skin broken on them and they were bruised and black from the injury. The doctor testifies with reference to the injury of her upper arm, and that he treated her for it once and afterwards talked to her over the telephone about it; that the injury would produce some pain, and while it was not permanent it might last for some weeks. It does not appear that the doctor examined the injured knee.

We are unwilling to say under this state of case that the verdict of five hundred dollars was excessive.

Judgment affirmed.