MARIO CASTRO FERNÁNDEZ y su esposa ANA EMILIA MORAZA, demandantes y apelantes, *v.* CAPITAL DE PUERTO RICO y FÉLIX TORRES, demandados y apelados.

Núm. 7646.—*Sometido:* Febrero 16, 1939. *Resuelto:* Julio 5, 1939.

*R. Castro Fernández* y *José López Baralt,* abogados de los apelantes; *J. Valldejuli Rodríguez* y *Brown, González & Newsom,* abogados de la Capital de Puerto Rico, apelada; *Adrián Agosto,* abogado del Sr. Torres, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Los demandantes, en una acción de daños y perjuicios provenientes de un accidente automovilista, obtuvieron sentencia contra uno de dos supuestos responsables comunes (*joint tortfeasors*). El presente recurso de apelación ha sido interpuesto contra aquella parte de la sentencia que declaró sin lugar la demanda en cuanto a la Capital, que es una corporación municipal creada por la ley de mayo 15 de 1931 (Leyes de ese año, núm. 99, pág. 627.)

Existen cuatro señalamientos de error. Son substancialmente al efecto de que la corte de distrito erró:

Al decidir que para que la corporación sea responsable de los actos del conductor de un automóvil, no basta que se demuestre que éste era empleado del municipio.

Al decidir que para que la Capital de Puerto Rico sea responsable de los actos de su empleado, es indispensable probar que en aquellos momentos actuaba dentro de las funciones de su empleo.

Al no declarar probado que el chófer del municipio estaba en el momento del accidente actuando en el servicio del ramo en que estaba empleado, o con ocasión de sus funciones.

Al decidir que para que la Capital de Puerto Rico sea responsable por los actos de su empleado, es indispensable probar que las funciones de su chófer en el momento del accidente no eran actos *ultra vires* de la corporación.

El caso no gira sobre la cuestión de la suficiencia de la prueba de que el accidente se debió a la forma negligente

en que el automóvil del municipio era conducido por un empleado de la capital.

Los señalamientos tercero y cuarto presentan cuestiones mixtas de hecho y de derecho.

Un automóvil perteneciente a la Capital era utilizado por el Director Municipal de Obras Públicas. El conductor de este vehículo fué empleado por la corporación a través del Director de Obras Públicas. El chófer era pagado por el municipio. Él declaró que su deber era obedecer las órdenes dádasle por el director. El chófer tenía por costumbre, de conformidad con las instrucciones recibidas del director, llevar todas las tardes a la hija del director de la escuela a su casa. Declaró además que la tarde del accidente el director le dió un dinero con instrucciones de que lo llevara a la esposa del director y de que entonces fuera a la escuela. El director tenía un vago recuerdo de esto, más no recordaba claramente el particular. Por lo que su esposa le dijo, él creía que eso probablemente era cierto. Al momento del accidente el conductor del vehículo se dirigía a la casa del director y no a la escuela.

Un testigo declaró sobre una admisión que se decía fué hecha por el chófer inmediatamente después del accidente, al efecto de que éste se dirigía "al acueducto." Eliminando por completo cualquier cuestión relativa a la admisibilidad de tal manifestación como prueba del hecho admitido, y fuera de cualquier cuestión respecto al valor probatorio de la manifestación misma, el juez de distrito llegó definitivamente a la conclusión de que el chófer no había hecho la manifestación imputádale.

La corte inferior hizo las siguientes citas de Huddy, "Cyclopedia of Automobile Law" (9th ed.), vol. 7–8, 293; 6 "McQuillan on Municipal Corporations" (2d ed.) 1025, sección 2780; y 19 R.C.L. 1137, 1138, sec. 414:

De Huddy:

"A fin de establecer la responsabilidad de un municipio en esta clase de casos, es necesario que el acto imputádole esté dentro del

límite de sus atribuciones como tal corporación municipal. Si el acto realizado está fuera de ese límite, el municipio no es responsable, ora sus funcionarios ordenaran la realización de tal acto o ya fuera el acto ejecutado sin orden expresa. Así, pues, si se utiliza un vehículo para fines personales de un funcionario o empleado municipal, es claro que el municipio no es responsable.''

## De McQuillan:

"*Idem—Lesiones personales resultantes de negligencia.*—La mayoría de los litigios que envuelven la responsabilidad de municipios por actos torticeros, tienen que ver con casos de lesiones personales. En esta clase de casos es menester contestar cinco preguntas afirmativamente antes de poder obtener indemnización, a saber:

''1. ¿Estaba el deber que se infringió relacionado con un deber privado o público de la corporación, conforme se distingue el mismo de un deber gubernamental?

''2. ¿Era la persona negligente un sirviente del municipio a quien se imputa la negligencia?

''3. ¿Estaba el acto torticero dentro de las facultades del municipio, es decir, no fué *ultra vires?*

''4. ¿Actuaba el funcionario o empleado causante del daño dentro de los límites de sus atribuciones o, en caso de no estarlo, fué su actuación posteriormente ratificada por el municipio?

''5. ¿Fué el municipio culpable de negligencia—si es que se trata de un caso en que es necesario demostrar tal negligencia—y estuvo el demandante exento de negligencia contribuyente y no impedido de obtener sentencia a su favor, caso de ser un empleado del municipio de conformidad con la regla conocida en derecho americano por 'assumption of risk or fellow-servant rule'?''

## De Ruling Case Law:

''*Actos ultra vires.*—Debe recordarse que la frase *ultra vires* tiene dos significados. Un acto en exceso de los poderes conferidos a una corporación municipal por la Asamblea Legislativa es *ultra vires* bajo el primer significado; y un acto de un funcionario municipal para el cual la corporación estaba autorizada, pero que de hecho no le facultó a realizar, resulta *ultra vires* bajo el segundo significado. La política de la ley es limitar a las corporaciones municipales estrictamente al ejercicio de los poderes conferídosle por sus respectivas cartas constitutivas. A tales organismos no se les permite que asuman poderes ni que incurran responsabilidades en

exceso de las facultades conferídasle por la Asamblea Legislativa, ni que resulten en violación de los derechos de los ciudadanos, que puedan haberse convertido en miembros de la corporación sin el consentimiento de ellos. Igualmente ha quedado bien establecido que cuando una corporación municipal asume una función no conferídale por el poder legislativo, ella no es responsable de negligencia o impericia en el cumplimiento de tal función.''

El juez de distrito distinguió los casos de *Salt Lake City* v. *Hollister,* 118 U. S. 256 y *Woody* v. *Utah Power & Light Co.,* 54 F. (2d) 220, citados por los demandantes. Él estuvo plenamente convencido de que el chófer, ora se dirigiera al hogar del director, con dinero para la esposa de éste, o hacia la escuela para llevar a la hija del director de aquel plantel a su casa, no estaba en el cumplimiento de ningún deber del municipio y que si la corporación hubiera autorizado el uso del automóvil para semejante propósito, tal autorización era *ultra vires* y la corporación no era responsable.

Los apelantes citan la monografía que aparece al final del caso de *Jones* v. *Sioux City,* 185 Iowa 1178, 10 A.L.R. 480, así como los casos de *Opocensky* v. *S. Omaha,* 101 Neb. 336; *Johnston* v. *Chicago,* 258 Ill. 494 y *City of Oklahoma City* v. *Foster,* 118 Okla. 120 y 47 A.L.R. 822.

En el presente caso la actuación que dió lugar al daño alegado no era ni una actuación gubernamental ''ni de la corporación''. Ni el envío de dinero por el director a su esposa ni el envío del automóvil a la escuela en busca de la hija del director eran parte de los asuntos generales o municipales de la corporación. Ésta no ''realizaba en el ejercicio de una función municipal, un deber ministerial''. Ella no ''actuaba en su capacidad corporativa o ministerial''.

No hallamos error manifiesto ni en la apreciación de la prueba por el juez de distrito ni en sus conclusiones de derecho.

Aún si se admitiera que la cesión hipotética del vehículo al Director Municipal de Obras Públicas para su uso personal no era *ultra vires*—aún si asumiéramos con los apelantes que

con motivo de tal cesión, la corporación hubiera sido responsable de la negligencia de su chófer, no obstante el hecho de que el Director de Obras Públicas no estaba dentro del automóvil al momento del accidente, y, no embargante el hecho de que el vehículo no era utilizado al momento del accidente para una empresa mercantil—sin embargo, no hallamos en la prueba una base satisfactoria para llegar a la conclusión de que la corporación había en realidad cedido el vehículo al director para su uso personal.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.