Luis Colón Vega, etc., Plaintiff and Appellant, *v.* The Capital of Puerto Rico, Defendant and Appellee.

No. 8056. Argued May 10, 1940.—Decided June 6, 1940.

*José Soto Rivera* for appellant. *J. Valldejuli Rodríguez* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Herminio Colón, a child, was run over and seriously injured by an automobile belonging to the Capital of Puerto Rico. At the time of the accident, the automobile was being driven by an employee of that municipality who was returning to San Juan after having taken to Río Piedras a technical employee of the Government of the Capital for the purpose of rendering there some service in connection with the operation and conservation of the municipal waterworks.

In the complaint for damages filed by the father of the minor it is alleged that the defendant "owns and operates for business purposes the only waterworks supplying water to the city of San Juan and to the towns of Río Piedras, Guaynabo, Cataño, and Bayamón"; that among the powers

and duties of the defendant government is that of attending, through its technical employees, to the proper conservation and service of said waterworks; and that the employees of the municipality use for the purpose of transportation to other municipalities, automobiles which belong to the municipality and are operated by employees thereof.

The District Court of San Juan sustained a demurrer for insufficiency, interposed by the defendant municipality. The decision of the lower court was based on the following grounds: (a) That the acts alleged in the complaint could not be considered as having been performed by the Government of the Capital in the exercise of its corporate powers, but rather of its governmental powers; and (b) that section 46 of Act No. 99 of 1931 (Session Laws, p. 626) establishes a liability for acts or omissions of the officials of the Capital, and as the driver who operated the car was an *employee* and not an *official,* the municipality was not responsible for his acts or omissions.

The plaintiff-appellant maintains that the trial court erred: (a) in holding that the word *official,* as used in section 46 of Act No. 99 of 1931, establishing a special government for the Capital of Puerto Rico, does not include employees and agents of said government; and (b) in holding that the municipality was not liable, as at the time of the accident the driver was rendering service to the municipality in its *governmental* capacity and not in its *corporate* capacity.

█ Section 46 of the cited act, creating the government of the capital, provides:

" . . . The District Court of San Juan shall have jurisdiction:

" * * * * * * *

"(d) To grant, upon an ordinary action, compensation for damages to parties injured by acts or omissions of the *officials* of the Capital, due to malice, negligence or inexcusable ignorance." (Italics ours.)

The first question to be considered and decided by us is as to whether the operation and conservation of a waterworks is a governmental function, comprised within the governmental powers and duties of the Government of the Capital or whether, on the contrary, it is a corporate function performed by said government in its capacity as a corporation or legal entity empowered to do acts and engage in business not comprised within the sphere of its governmental sovereignty.

"Public duties are, in general, those which are exercised by the state as a part of its sovereignty, for the benefit of the whole public, and the discharge of which is delegated or imposed by the state upon the municipal corporation. They are not exercised either by the state or the corporation for its own emolument or benefit, but for the benefit and protection of the entire population. Private or corporate powers are those which the city is authorized to execute for its own emolument, or from which it derives special advantage, or for the increased comfort of its citizens, or for the well ordering and convenient regulation of particular classes of the business of its inhabitants, but are not exercised in the discharge of those general and recognized duties which are undertaken by the government for the universal benefit." *Hart* v. *Bridgeport*, 11 F. Cas. No. 6,149, 13 Blatchf. 289; 43 C. J. 922.

The distinction between the governmental and the corporate functions of a municipality is very clearly stated in the case of *City of Kokomo* v. *Loy*, 185 Ind. 18, 112 N.E. 994, in which it was said:

"Municipal corporations exist in a dual capacity, and their functions are twofold. In one they exercise the right springing from sovereignty and, while in the performance of the duties pertaining thereto, their acts are political and governmental. Their officers and agents in such capacity, though elected or appointed by them, are nevertheless public functionaries performing a public service, and as such they are officers, agents and servants of the state. In the other capacity the municipalities exercise a private, proprietary or corporate right, arising from their existence as legal persons and not as public agents. Their officers and agents in the performance of

such functions act in behalf of the municipalities in their corporate or individual capacity, and not for the state or sovereign power.''

See also 43 C.J. 922 and 942.

In our judgment, the operation and conservation of a system of waterworks for supplying water to all persons who bind themselves to pay and do pay the rates fixed by the municipality, does not constitute the exercise of a governmental power or faculty inherent in or springing from sovereignty. The municipality is not bound by any law to supply water to its inhabitants. When it does so the municipality acts on its own initiative, for a price, and for its own benefit. It does not act on behalf or as an agent of the state. It acts in its capacity as a corporation or artificial person.

 Having decided that in the operation and conservation of the waterworks the Government of the Capital performs a corporate function and not a governmental one, it remains for us to determine whether said government is responsible for any damages caused by the negligence or carelessness of one of its employees charged with the operation of an automobile devoted to the service of the waterworks.

Counsel for the defendant government argues that, according to said section 46, *supra,* the Municipality of San Juan is only liable for damages caused by the malice, negligence, or inexcusable ignorance of its *officials;* and that, as the chauffeur or driver of an automobile is an *employee* and not an *official,* the municipality is not liable in the case at bar.

According to the decisions which we have examined, when municipal corporations make use of powers and faculties which have been conferred upon them for purposes that are essentially public, and connected with the administration of the general laws enacted in order to give effect to the public policy of the state, those corporations must be regarded as agencies of the state and, as such, not liable for acts or omis-

sions in the exercise of said powers or faculties, unless a statute expressly provides that they may be sued for damages caused by said acts or omissions. When the functions performed by a municipality are not of a public or governmental character and only for the benefit of the municipality and of its inhabitants, there is no reason why the municipality should be exempt from liability for the acts or omissions of its employees. See *Lampton & Burke* v. *Wood,* 199 Ky. 250, 250 S.W. 980; 43 C.J. 922, and cases cited in note (*a*); *Hall* v. *Shreveport,* 157 La. 589, 102 So. 680. The evident purpose of section 46 of Act No. 99 of 1931 entitled ''An Act to establish a special government for the Capital of Porto Rico,'' is to grant a right of action against the municipality to those persons who may be injured by the malice, negligence, or inexcusable ignorance on part of its officers in the performance of their duties or in the exercise of functions of a public or governmental character.

The applicable rule in a case like the one at bar, in which the damage suffered was caused, as alleged, by the negligent act of an employee in the performance of acts or functions of a private or corporate character, is as follows:

''There is an implied or common-law liability for the negligence of a municipal corporation in the performance of corporate acts which have relation to the management of the corporate or private concerns of the municipality, and from which it derives special or immediate profit or advantage as a corporation, or for its acts or negligence in the exercise of corporate powers and duties for the peculiar benefit of the corporation in its local or special interest, which of course includes the management of property for private gain or the engaging in any profit-making enterprise, if it is authorized by statute or the provisions of its charter to engage in such private business. The fact that the profit or advantage inures ultimately to the benefit of the public, or may incidentally be of public benefit, does not render the enterprise a public function so as to exempt the municipality from liabil-

ity; the municipality is liable, although exercising some municipal powers, where the work is essentially a private enterprise. A municipality uses works constructed for the public benefit for its corporate profit when the profits are to be applied to the maintenance of the works and the reduction of the debt incurred by the municipality in their construction." 43 C.J. 930, par. 1705.

See *Chafor* v. *Long Beach,* 174 Cal. 478; and *Galveston* v. *Posnainsky,* 62 Tex. 118, 50 Am. Rep. 517, in which it was declared that where a municipal corporation exercises its powers voluntarily assumed for the benefit of itself and of its inhabitants, said municipality is subject to the same measure of liability to which an individual or private corporation exercising the same powers for purposes essentially private would be liable.

The case of *Castro* v. *Capital of Puerto Rico,* 55 P.R.R. 210, gives no support to the contention of the appellee municipality. In that case, the automobile which caused the damage was used at the time of the accident by the Director of Municipal Public Works to send some money to his wife or to bring his daughter from school; and it was held that as these acts performed by the chauffeur were neither governmental nor corporate functions of the municipality, the latter was not liable for the damages caused.

For the reasons stated the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.