LUIS COLÓN VEGA, como padre con patria potestad sobre su menor hijo, HERMINIO COLÓN, demandante y apelante, *v.* EL GOBIERNO DE LA CAPITAL DE PUERTO RICO, demandado y apelado.

Núm. 8056.—*Sometido:* Mayo 10, 1940. *Resuelto:* Junio 6, 1940.

*José Soto Rivera,* abogado del apelante; *J. Valldejuli Rodríguez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El niño Herminio Colón fué arrollado y gravemente lesionado por un automóvil perteneciente al Gobierno de la

Capital de Puerto Rico. En el momento del accidente el automóvil era conducido por un empleado de dicho Gobierno Municipal y regresaba a San Juan, después de haber trans portado a Río Piedras a un empleado técnico del Gobierno de la Capital con el propósito de prestar allí servicios en relación con la conservación y explotación del acueducto municipal.

En la demanda de daños y perjuicios radicada por el padre del menor se alega que la parte demandada "es dueña y explota con fines de negocio el único acueducto que suministra agua a la ciudad de San Juan y a las poblaciones de Río Piedras, Guaynabo, Cataño y Bayamón"; que entre las facultades y deberes del gobierno demandado se encuentra la de atender por medio de sus empleados técnicos a la mejor conservación y servicio de dicho acueducto; y que los empleados del municipio utilizan como medio de locomoción para trasladarse a las otras municipalidades, automóviles pertenecientes al municipio, manejados por empleados del mismo.

La Corte de Distrito de San Juan declaró con lugar la excepción previa de falta de causa de acción, interpuesta por el municipio demandado. La resolución de la corte inferior se basó en: (a) que los hechos que se alegan en la demanda no podían considerarse como realizados por el Gobierno de la Capital en el ejercicio del poder corporativo, sino más bien de su poder gubernamental; y (b) que el artículo 46 de la Ley núm. 99 de 1931 (pág. 627) establece la responsabilidad por los actos u omisiones de los *funcionarios* de la capital, y siendo el chófer que guiaba el carro un *empleado* y no un *funcionario*, el municipio no es responsable por sus actos u omisiones.

El demandante apelante sostiene que la corte sentenciadora erró: (a) al declarar que la palabra *funcionario* usada en el artículo 46 de la Ley núm. 99 de 1931, creando el Gobierno por Comisión para la Ciudad de San Juan, no incluye a empleados y agentes de dicho gobierno; y (b) al declarar que el municipio no es responsable porque en el

momento en que ocurrió el accidente, el chófer prestaba servicio al municipio en su carácter *gubernativo* y no en su carácter *corporativo*.

■ La sección 46 de la citada ley creadora del gobierno de la capital dispone:

"La corte de distrito tendrá poderes:

"  .        .        .        .        .        .        .

"*D*. Para conceder mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los *funcionarios* de la capital, por malicia, negligencia o ignorancia inexcusable." (Bastardillas nuestras.)

La primera cuestión que debemos considerar y resolver es si la explotación y conservación de un acueducto es una función *gubernativa* comprendida dentro de las facultades y deberes gubernativos del Gobierno de la Capital o si, por el contrario, es una función *corporativa* realizada por dicho gobierno en su carácter de corporación o entidad jurídica capacitada para realizar actos y dedicarse a negocios no comprendidos dentro del radio de su soberanía gubernativa.

"Deberes públicos son generalmente aquellos que son ejercitados por el estado como una parte de su soberanía para beneficio de todo el público, y el cumplimiento de los cuales es delegado o impuesto por el estado a la corporación municipal. No son ejercitados por el estado o por la corporación para su propio lucro o beneficio, sino para beneficio y protección de toda la población. Poderes privados o corporativos son aquellos que la municipalidad está autorizada a usar para su propio beneficio o de los cuales deriva alguna ventaja especial, o para la mayor comodidad de sus ciudadanos, o para el mejor orden o regulación de ciertas clases de negocios de sus habitantes, pero que no son ejercitados en el cumplimiento de aquellos deberes generales y reconocidos que son asumidos por el gobierno para beneficio universal."

*Hart* v. *Bridgeport,* II F. Cas. Núm. 6149, 13 Blanch 289; 43 C. J. 922.

La distinción entre las funciones gubernativas y las corporativas de un municipio aparecen muy claramente expuesta

en el caso de *City of Kokomo* v. *Loy,* 185 Ind. 18, 112 N. E. 994, en el cual se dijo:

"Las corporaciones municipales existen con capacidad doble y sus funciones son dobles. En una ejercitan el derecho que dimana de la soberanía, y mientras cumplen deberes inherentes a esa soberanía, sus actos son políticos y gubernativos. Sus funcionarios y agentes en tal capacidad, aun cuando son nombrados por ellas, son sin embargo funcionarios públicos que prestan servicios públicos, y como tales son funcionarios, agentes y servidores del estado. En la otra capacidad, los municipios ejercitan un derecho de propiedad, privado o corporativo, que dimana de su existencia como personas jurídicas y no como agentes públicos. Sus funcionarios y agentes al realizar tales funciones actúan para beneficio de los municipios en su capacidad corporativa o individual y no para el estado o poder soberano."

Véase también: 43 C. J. 922 y 942.

A nuestro juicio, la explotación y conservación de un sistema de acueducto, dedicado a suministrar agua a todas aquellas personas que se comprometan a pagar y paguen los precios fijados por el municipio, no constituye el ejercicio de un poder o facultad gubernativa inherente a o que dimana de la soberanía. El municipio no está obligado por ley alguna a suministrar agua a los habitantes de la municipalidad. Al hacerlo, el municipio actúa por su propia cuenta, mediante paga y para su propio beneficio. No actúa por delegación ni como agente del estado. Actúa en su capacidad de corporación o persona jurídica.

■■ Resuelto que al explotar y conservar el acueducto el Gobierno de la Capital realiza una función corporativa y no gubernativa, nos toca ahora resolver si dicho gobierno es responsable por los daños y perjuicios causados por la negligencia o descuido de uno de sus empleados encargado del manejo de un automóvil dedicado a dicho servicio de acueducto.

Arguye la representación del gobierno demandado, que de acuerdo con la sección 46, supra, el Municipio de San Juan sólo es responsable por daños causados por la malicia, negligencia o ignorancia inexcusable de sus *funcionarios;* y

que siendo el chófer o conductor de un automóvil un *empleado* y no un *funcionario*, el municipio no es responsable en el caso de autos.

De acuerdo con la jurisprudencia que hemos examinado, **cuando las corporaciones municipales** hacen uso de los poderes y facultades que les han sido conferidos para fines esencialmente públicos, relacionados con la administración de las **leyes generales adoptadas para** dar efecto a la política pública del estado, esas corporaciones deben ser consideradas como agentes del estado y como tales no sujetas a responsabilidad por actos u omisiones en el ejercicio de tales poderes o facultades, a menos que el estatuto disponga expresamente que se les pueda demandar por daños causados por dichos actos u omisiones. Cuando las funciones que realiza la municipalidad no son de carácter público o gubernativo, y sólo tienden al beneficio del municipio y de sus habitantes, no existe razón alguna para que la municipalidad esté exenta de responsabilidad por los actos u omisiones de sus empleados. Véanse: *Lampton & Burke* v. *Wood,* 199 Ky. 250, 250 S. W. 980; y 43 C. J. 922, y casos citados en la nota (*a*); *Hall* v. *Shreveport,* 157 La. 589, 102 S. 680.

El propósito evidente de la sección 46 de la Ley núm. 99 de 1931, titulada "Ley para establecer un gobierno especial para la Capital de Puerto Rico, y para otros fines," es conceder un derecho de acción contra el municipio a aquellas personas que puedan ser perjudicadas por la malicia, negligencia o ignorancia inexcusable de sus funcionarios en el desempeño de deberes o en el ejercicio de funciones de carácter público o gubernativo.

La regla aplicable a un caso como el de autos, en que el daño sufrido fué causado según se alega por la negligencia de un empleado en la realización de actos o funciones privadas o de carácter corporativo, es la siguiente:

"Existe una responsabilidad implícita o de derecho común por la negligencia de una corporación municipal en la realización de actos

corporativos relacionados con la administración de los negocios corporativos o privados de la municipalidad, y de los cuales ella deriva beneficios o ventajas especiales o inmediatos como tal corporación... El hecho de que la ganancia o ventaja redunde en definitiva en beneficio del público, o pueda ser incidentalmente un beneficio público, no convierte a la empresa en una función pública hasta el punto de eximir de responsabilidad al municipio; la municipalidad es responsable, aun cuando esté ejerciendo facultades municipales, cuando el trabajo es esencialmente una empresa privada....Una municipalidad usa obras construídas para beneficio público para su beneficio corporativo cuando el producto de las mismas ha de ser aplicado al sostenimiento de las obras y a la reducción de la deuda incurrida por la municipalidad para su construcción." 43 C. J. 930, párrafo 1705.

Véanse: *Chafor v. Long Beach,* 174 Cal. 478; y *Galveston v. Posnainsky,* 62 Tex. 118, 50 Am. Rep. 517, en el que se sostiene que cuando una municipalidad realiza funciones voluntariamente asumidas, para beneficio de ella y de sus habitantes, dicha municipalidad está sujeta al mismo grado de responsabilidad a que estaría sujeto cualquier individuo o corporación privada que realizara iguales funciones para fines esencialmente privados.

El caso de *Castro v. Capital de P. R.,* 55 D.P.R. 217, en nada ayuda a sostener la contención del municipio apelado. En dicho caso, el automóvil que causó el daño era usado en el momento del accidente, por el Director Municipal de Obras Públicas, parà enviar dinero a su esposa o para ir a la escuela a buscar a su hija. Y se resolvió, que no siendo esas gestiones que realizaba el chófer funciones gubernativas ni corporativas del municipio, éste no era responsable del daño causado.

*Por las razones expuestas debe revocarse la sentencia recurrida y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Presidente Sr. Del Toro no intervino.